1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA and
     R. L. WILLETT, Revenue Officer,
11   Internal Revenue Service,

12              Petitioners,                    No. 2:11-mc-00006 GEB KJN

13        v.

14   WALTER ANTONIO, JR.,

15              Respondent.                     FINDINGS AND RECOMMENDATIONS

16   _____/

17              This matter came before the undersigned on March 17, 2011, as a result of an

18   order to show cause ("OSC") entered on January 24, 2011.  (OSC, Dkt. No. 3.)  The OSC

19   ordered respondent to show cause why he should not be compelled to obey the summonses

20   issued by the Internal Revenue Service ("IRS") on May 27, 2010, pursuant to 26 U.S.C. § 7602.[1]

21   (See OSC at 1 & ¶¶ 6-7, Dkt. No. 3.)  Assistant United States Attorney Yoshinori H. T. Himel

22   appeared on behalf of petitioners, and Revenue Officer Roxanne Willett was also present at

23   counsel's table.  Respondent did not file a written response to the OSC in advance of the hearing

24   _____

25        [1] This matter is before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(9) and 28 U.S.C. § 636(b)(1).  Subject matter jurisdiction is proper under
26   28 U.S.C. §§ 1340 and 1345.

                                            1

1  and failed to appear at the hearing.  For the reasons stated below, the undersigned recommends

2  that petitioners' Verified Petition to Enforce Internal Revenue Service Summons be granted and

3  that respondent be ordered to comply with the summonses at issue.

4         Revenue Officer Willett is conducting an investigation of respondent to

5  determine: (1) respondent's "correct liabilities for personal income tax for the tax years ending

6  December 31, 2007, December 31, 2008, and December 31, 2009"; and (2) "financial

7  information for the collection of assessed Employer's Federal Quarterly Tax (Form 941) for the

8  tax periods ending December 31, 2008, March 31, 2009, June 30, 2009, and September 30, 2009

9  relating to [respondent's] business 'IUCG Sunshine Designs LLC.'"  (Verified Petition to

10  Enforce IRS Summons ("Petition") ¶ 4, Dkt. No. 1.)  On May 27, 2010, the IRS issued two

11  summonses directing respondent to appear at the IRS's Fairfield, California field office on

12  June 8, 2010, and testify and produce documents called for in the summonses.  (Id. ¶ 6 &

13  Exhibits, Dkt. No. 1 at 6, 8.[2])  Although Officer Willett served respondent with the summonses at

14  respondent's home by leaving the summonses with respondent's adult son, respondent failed to

15  appear or otherwise comply with the summonses.  (See Petition ¶¶ 7-9 & Exhibits, Dkt. No. 1

16  at 7, 9.)

17         Petitioners subsequently filed the Petition seeking enforcement of the May 27,

18  2010 summonses pursuant to 26 U.S.C. § 7604.  Upon petitioners' request, the undersigned

19  entered the OSC, which ordered respondent show cause why he should not be compelled to obey

20  the summonses.  In the paragraph six of the OSC, the undersigned found that petitioners had met

21  their "slight" burden "to establish that the summons[es] (1) [were] issued pursuant to a

22  'legitimate purpose'; (2) seek[] information 'relevant' to that purpose; (3) seek[] information that

23  is 'not already within the Commissioner's possession'; and (4) satisf[y] all 'administrative steps

24  required by the Code.'"  Stewart v. United States, 511 F.3d 1251, 1254 (9th Cir. 2008) (quoting

25  ─────────────

26    [2]  The summonses are attached as unenumerated exhibits to the Petition.  Those
    summonses can be found in docket entry one, at pages six and eight.

1  United States v. Powell, 379 U.S. 48 (1964)); accord United States v. Richey, 632 F.3d 559, 564

2  (9th Cir. 2011).  The undersigned further informed respondent that because petitioners had met

3  their initial burden with respect to obtaining enforcement of the summonses, the burden had

4  shifted to respondent to oppose enforcement.  (See OSC ¶¶ 6-7.)  Respondent could have

5  successfully opposed enforcement of the summonses and obtained a limited evidentiary hearing

6  by demonstrating "'an abuse of process' or 'the lack of institutional good faith.'"  Stewart, 511

7  F.3d at 1255 (quoting Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995)); accord Richey,

8  632 F.3d at 564.  Respondent has not made such a showing or offered any opposition or

9  argument in this regard and, therefore, has not met his burden to show why the summons should

10  not be enforced.  Indeed, respondent failed to appear at the hearing on the OSC.  Accordingly, the

11  undersigned recommends that the IRS summonses be enforced.

12  　　　　For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

13  　　　　1.　　The Verified Petition to Enforce Internal Revenue Service Summons (Dkt.

14  No. 1) be granted and the IRS summonses issued to respondent Walter Antonio, Jr. be enforced.

15  　　　　2.　　Respondent be ordered to appear at the IRS offices at 4830 Business

16  Center Drive, Suite 250, Fairfield, California 94534, before Revenue Officer R. L. Willett

17  or her designated representative twenty-one days after the adoption of these findings and

18  recommendations, if adopted, or at a later date to be set in writing by Revenue Officer

19  Willett, then and there to be sworn, to give testimony, and to produce for examining and

20  copying the books, checks, records, papers and other data demanded by the summonses.

21  The examination shall continue from day to day until completed.

22  　　　　3.　　The Clerk of Court is directed to serve these findings and

23  recommendations and any future orders by mail to Mr. Walter Antonio, Jr., 2475 Ten Gate

24  Road, Fairfield, California, 94534.

25  　　　　These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3

1  days after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

3  Such a document should be captioned "Objections to Magistrate Judge's Findings and

4  Recommendations."  Any response to the objections shall be filed with the court and served on

5  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

6  Failure to file objections within the specified time may waive the right to appeal the District

7  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

8  1153, 1156-57 (9th Cir. 1991).

9            IT IS SO RECOMMENDED.

10  DATED:  March 22, 2011

12                                    _____
                                      KENDALL J. NEWMAN
13                                    UNITED STATES MAGISTRATE JUDGE

4